# 342

## COX v STATE

Ohio Appeals, 9th Dist, Summit Co
No. 1785.   Decided March 17, 1930

Lloyd R. Reed, Akron, for Cox.

Don D. Isham, Prosecuting Attorney and George R. Hargreaves, Asst. Prosecuting Attorney, both of Akron, for State.

PARDEE, J.

The part of the foregoing as to the alibi is erroneous, as it first placed upon the defendant the burden of proving his alibi beyond a reasonable doubt, and then, at the suggestion of the prosecuting attorney, said charge was modified to state that defendant's alibi should be proved by a preponderance of the evidence.

It has long been the rule in this state that an alibi is not an affirmative defense, and it has been frequently held that the defendant is not required to prove it by any degree in the minds of the jury as to his guilt.   The charge in the instant case placed an undue burden upon the accused, and that part of the charge of the court immediataely following the erroneous part hereinbefore quoted does not overcome the prejudicial part thereof.   These parts of the charge are inconsistent, and the jury did not understand them, as is evidenced by their later return into court and the request they made to the court in regard thereto.   At that time the court had the opportunity of clearing up this inconsistency in the minds of the jury but it did not do so.

We do not know, of course, what the jury thought about the charge as given.   It may have thought that inasmuch as the defendant did not prove his alibi by the greater weight of the evidence he therefore was not entitled to any benefit from it, although his evidence as to alibi might have raised a reasonable doubt in the minds of the jury as to his guilt.

The Supreme Court in a recent case stated the proposition in the following language:

(Here follows quotations).

Marcoguiseppe v. State, 114 OS 299, at p. 301.

We are therefore unanimously of the opinion that the error of the court in stating the rule of evidence as to alibi was prejudicial to the accused, which requires a reversal of the judgment.

FUNK, P. J., and WASHBURN, J., concur.